CALOCA *v.* VILASECA ET AL.

APPEAL from the District Court of San Juan.

No. 124.—Decided April 11, 1904.

JUDICIAL ADMINISTRATORS.—Judicial administrators have the legal, judicial and actual possession of attached property committed to their safekeeping and custody, and are obliged to perform the duties imposed upon them by law, it being proper, in case of default, to compel them thereto by means of the appropriate legal remedy.

INJUNCTION—ACTS TENDING TO VIOLATE PROPERTY RIGHTS.—The cutting, carrying away and selling wood, as also the destroying of fences, on an estate judicially placed in charge of an administrator, and involved in proceedings in intervention based upon ownership, are acts which constitute a violation of the rights of property which may be held by a plaintiff in intervention with respect to said estate, and it is therefore proper to prevent the continuation thereof by means of a writ of injunction.

UNRECORDED TITLES.—THIRD PERSONS—RIGHT OF A REAL OR PERSONAL CHARACTER.—The prohibitions contained in article 389 of the Mortgage Law, concerning the non-admission by the courts of unrecorded titles, to the prejudice of third persons, relate to those who possess such character for the purposes of said law, that is, to those who can claim a property right recorded in their favor, and not merely a personal right.

EXECUTORY ACTION—INTERVENTION PROCEEDINGS BASED ON OWNERSHIP.—Decisions rendered in an executory action, of which proceedings in intervention based on ownership are an incident, cannot be invoked in the latter for the purpose of preventing rights claimed by the plaintiff in intervention from being secured, when said plaintiff relies upon the ground that the property involved in the executory action belongs to him and not to the execution debtor.

ID.—RIGHTS OF PLAINTIFF IN INTERVENTION—INJUNCTION—BOND.—Until proceedings in intervention are determined, it is perfectly logical and legal that the rights which may be possessed by the plaintiff in intervention should be protected, by preventing, through injunction, the commission of acts tending to impair the same, provided that a bond is furnished to answer for the damages which may be sustained to the interests of other parties.

INJUNCTION.—Injunction is a remedy designed to prevent a person from doing a certain thing which infringes upon or prejudices the rights of another.

Id.—Fianza.—En los casos de *injunction,* la cuantía de la fianza debe ser suficientemente ámplia para indemnizar los daños y perjuicios que puedan ocasionarse á la parte contra la que se dicta el *injunction,* y al Tribunal inferior compete apreciar tales perjuicios y fijar la cuantía que sea suficiente para prevenirlos.

### EXPOSICIÓN DEL CASO.

*Vistos*: *Resultando* que en diez de Agosto de 1903 el Letrado Don Jacinto Texidor, á nombre de Don Juan Ignacio Caloca, presentó á la Corte de Distrito de San Juan una demanda de *injunction* por actos que en su daño se practicaban en una finca de su propiedad, y después de algunos trámites previos, se dictó, por el Juez Asociado Don Frank H. Richmond el auto que copiado á la letra dice así:

"San Juan, Puerto Rico, Agosto veinte de mil novecientos tres.

"*Resultando*: que en juicio ejecutivo seguido por Don José L. Vilaseca contra Doña Justa García, viuda de Rivera, se trabó embargo contra terrenos situados en el barrio de Sabana Llana del pueblo de Rió Piedras, compuesto de cincuenta cuerdas más ó menos, equivalentes á diez y nueve hectareas, 65 áreas, 30 centiáreas, de terrenos de segunda clase, llano y quebrado á pastos naturales, montes y malezas, con algunos frutos menores, bajo las colindancias siguientes: al Norte Don José Dolores López; al Este Sucesión Cervera, Pablo Figueroa y Celestino Frida; al Oeste Sucesión Caloca, y al Sur, la misma Sucesión Caloca; sirviendo de punto de partida un árbol de roble que tiene unas marcas antiguas de machete, el cual se halla en la loma del cerro "Cabra" á la orilla derecha del antiguo camino de Trujillo Alto, mirando al Poniente en el sitio nombrado de la "Almagra" y á cuyo lado se encuentra un tocón de algarrobo que actualmente tiene renuevos; terminando esta colindancia en rumbo al Noroeste en el puente que cubre la quebrada "Estefanía" y habiendo recaido el nombramiento de depositario judicial del predio embargado en Don Gavino Mercado.

*Resultando*: que establecida y admitida una demanda de tercería en nombre de Don Juan Ignacio Caloca y Cueto, con respecto á 30 cuerdas más ó menos, comprendidas desde el puente de la quebrada "Estefanía" siguiendo el caño y de aquí al árbol de "Pollo," y de aquí á la cerca de alambre y á una palma, y de ahí en línea recta á un árbol

ID.—BOND.—In injunction cases, the amount of the bond should be sufficiently ample to indemnify for losses and damages which may be sustained by the party against whom the injunction is issued, and it is the province of the lower court to determine such damages and to fix an amount which will be sufficient to guard against the same.

## STATEMENT OF THE CASE.

On August 10, 1903, Attorney Jacinto Texidor, on behalf of Juan Ignacio Caloca, filed with the District Court of San Juan a petition for an injunction based on the ground that acts to his injury were being committed on an estate of which he is the owner, and after certain preliminary proceedings, Associate Judge Frank H. Richmond issued an order which reads as follows:

"San Juan, Porto Rico, August 20, 1903. In the executory action instituted by José L. Vilaseca against Mrs. Justa García, widow of Rivera, an attachment was levied upon lands situated in the *barrio* of Sábana Llana, of the town of Río Piedras, composed of 50 *cuerdas,* more or less, being equivalent to 19 hectares, 65 ares and 30 centares of lands of the second class, the same being level and broken, with natural pasturage, timber and underbrush and some smaller products, and having the following boundaries: On the north, lands of José Dolores López; on the east, the estate Cevera, lands of Pablo Figueroa and Celestino Frida; on the west, the estate Coloca; and on the south, by said estate Coloca. The starting-point consists of an oak tree having some old marks made with a machete, situated on the slope of the hill known as 'Cabra,' on the right border of the old Trujillo-Alto road, looking to the west from the place known as 'Almargra,' and at the side of which is a stump of carob bean, on which sprouts are at present growing: which said boundary, following a course to the northwest, terminates at the bridge over the brook 'Estefanía.' Gavino Mercado was appointed judicial administrator of the attached estate.

"A complaint in intervention was presented and admitted on behalf of Juan Ignacio Caloca y Cueto, with respect to thirty *cuerdas,* more or less, included in the land from the bridge of the brook 'Estefanía,' following the slough; thence to the *Pollo* tree; thence to the wire fence and to a palm-tree; and thence in a straight line to

de granadillo, que hacen el límite de la finca da Doña Justa García con la de Caloca, como se alegó en la demanda de tercería.

*Resultando* : que este Tribunal dictó providencia, suspendiendo el curso del ejecutivo al llegar á la vía de apremio, cuya providencia tiene fecha de 4 de Agosto corriente, de la cual se notificó la ejecutada y el depositario judicial el cinco de dicho mes de Agosto y el ejecutante Don José L. Vilaseca el 10 siguiente.

*Resultando* : que el día diez de Agosto referido, la representación del tercerista, presentó al Tribunal una solicitud, alegando que el depositario había realizado las operaciones de corte de leña, y otras como romper las cercas de alambres que tuvo puesta el Sr. Caloca, y sacando también ganado de Caloca que pastaba en ese pedazo de terreno y enviándolo al Depósito Municipal y solicitando un auto de *injunction* prohibiendo á las partes precitadas, penetrar en la parte de finca de que se ha hecho mérito, ó cortar leña ó hierba ó poner á pastar animales ó romper las cercas de alambres ó ejercitar acto alguno alálogo, hasta que se resuelva esta tercería de dominio.

*Resultando* : que prestada la fianza de cien dollars fijada por el Juez que provee, con arreglo al artículo 7 de la Ley de *Injunction*, por los fiadores Don Benito Rivera Mojica y Don Deogracia Víera y Rodríguez, fianza que fué aceptada como suficiente por el mismo Juez, recayendo con fecha 13 de dicho Agosto, providencia de interdicto, citando de comparecencia á Doña Justa García, Don José L. Vilaseca y el depositario Don Gavino Mercado, la cual tuvo efecto el diez y siete de dicho mes.

*Resultando* : que á dicho acto concurrió el Letrado Don Jacinto Texidor en representación del tercerista y el Letrado Don Juan Ramón Ramos en nombre de Don José L. Vilaseca y del depositario Don Gavino Mercado, los cuales también comparecieron personalmente.

*Resultando* : que en el referido acto, el Letrado Ramos no insistió en que la parte contraria ratificara bajo juramento las alegaciones hechas, renunciando á tal juramento y confesando en el acto mismo que el depositario judicial había cortado dos carros de leña y roto la cerca de alambre como en derecho le perteneció, terminando con pedir se declarara sin lugar el *injunction,* con las costas á la parte con-

a *granadillo* tree; which constitute the dividing line of the estate of Justa García with that of Caloca, as alleged in the complaint in intervention.

"When the executory action had reached the stage of compulsory process, this court made an order staying its prosecution, which said order is dated the 4th of the present month of August, and notice of which was served upon the execution debtor and upon the judicial administrator on the 5th of said month of August, and upon the execution creditor, José L. Vilaseca, on the following tenth day of the month.

"On the said tenth day of August counsel for the plaintiff in intervention presented a petition to the court, in which he alleged that the administrator had cut wood and had committed other acts, such as breaking down the wire fences which Caloca had set up, and that he had also removed the cattle of Caloca which were grazing on said piece of land and had sent them to the municipal pound, for which reason he prayed for a writ of injunction prohibiting the aforesaid parties from entering upon that part of the estate above described, or from cutting wood or grass thereon, or from pasturing animals or breaking down the wire fences, or from committing any similar act or acts, pending the decision of this complaint in intervention based on ownership.

"A bond for one hundred dollars fixed by the judge who makes this order was furnished in accordance with section 7 of the injunction law, with Benito Rivera Mojica and Deogracia Viera y Rodríguez as sureties, which bond was approved as sufficient by the same judge, and on the thirteenth day of said month of August a writ of injunction was issued citing Justa García, José L. Vilaseca and the administrator, Gavino Mercado, to appear, which was done on the 17th of said month.

"At said hearing Attorney Jacinto Texidor appeared as the representative of the plaintiff in intervention, and Attorney Juan Ramón Ramos on behalf of José L. Vilaseca and of the administrator, Gavino Mercado, who also appeared personally.

"Upon said hearing Attorney Ramos did not insist upon the adverse party's ratifying under oath the allegations made, waiving said oath and admitting forthwith that the judicial administrator had cut two cartloads of wood and broken the wire fence, as in law he had a right to do, and concluded by asking that the injunction be dissolved, with costs against the adverse party; and the plaintiff offered to ratify

traria; y la parte promovente ofreció ratificar su pretensión bajo juramento, lo que el Juez no creyó necesario, en vista de lo confesado por la otra parte.

*Considerando*: que el depositario judicial, tiene ahora la posesión legal judicial y actual de todo el terreno embargado.

*Considerando*: que el efecto legal de la interposición y admisión de la demanda de tercería de dominio, es la suspensión del procedimiento de apremio en el juicio ejecutivo, respecto de los bienes á que se refiere la tercería, hasta la decisión de aquella y cuando el depositario verifica cualquier acto más que no sea el de la salvaguardia de la finca, con ello no hace otra cosa que continuar y seguir en el procedimiento de apremio, en vez de suspenderlo.

*Considerando*: que el cortar leñas, llevárselas ó venderlas y romper la cerca de alambre durante el litigio, consta por confesión, como acto específico que se hace y se amenaza y se va á hacer y que tales actos violan el derecho de propiedad que pueda tener el tercerista con respecto al terreno de que se trata en la tercería y tienen el efecto de hacer por tanto inúltil cualquier sentencia firme que pueda recaer en su favor y no así el acto de sacar ganado de Caloca que estuviera pastando en ese pedazo de terreno y enviándolo al Depósito municipal, y no resultando justificado que el ejecutante ó el depositario judicial tuviera animales pastando no es de proveer con respecto á esto.

*Considerando*: que todo depositario judicial está obligado á cumplir con la ley y cuando él no la cumpliera é infrinja derechos de tercero, procede contra él un recurso legal dado por la ley á cualquiera parte perjudicada.

*Visto* el artículo 1533 de la Ley de Enjuiciamiento Civil y la Ley de *Injunction*, artículos 2, 3, 4, 5 y 8, se le ordena y prohibe que mientras no se resuelva esta tercería de dominio, ni Doña Justa García, viuda de Rivera, ni Don José L. Vilaseca, ni Don Gavino Mercado, depositario judicial nombrado en el juicio ejecutivo seguido por el uno contra la otra, ni algún agente ó apoderado de ellos, corten leña, la vendan ó se la lleven ó rompa la cerca de alambre ó mantega la cera en estado roto é ejercite acto alguno análogo, en el terreno descrito en el 2°. Resultando de este auto de *injunction*, como el de poner á pastar animales, y ratifíquese la fianza ya prestada, la cual se declara vigente hasta ulterior providencia del Tribunal. Y así lo

his petition under oath, which the judge did not deem necessary in view of the admission made by the other party.

"At the present time the judicial administrator has the legal, judicial and actual possession of the attached land.

"The legal effect of the interposition and admission of the complaint in intervention based on ownership is the suspension of the compulsory proceedings in the executory action, with respect to the property involved in the proceedings in intervention, until the decision therein, and when the administrator performs any act other than for the protection of the estate, he thereby does nothing more than to continue and follow the compulsory proceedings instead of suspending them.

"The cutting of wood, carrying it away, selling it, and breaking the wire fence during the pendency of the suit appear by confession as a specific act which is being committed and which is threatened and is about to be done, and such acts violate the right of property which may be held by the plaintiff in intervention with respect to the property involved in the intervention proceedings, and therefore have the effect of rendering nugatory any final judgment which may be rendered in his favor, but not so the act of removing the cattle of Caloca which may be grazing on said piece of land and sending them to the municipal pound; and it not having been shown that the judicial administrator has any animals grazing thereon, it is unnecessary to make any order with respect to the matter.

"All judicial administrators are obliged to comply with the law, and when they fail to do so and violate the rights of third persons, the legal remedy granted by law to any injured party will lie against them.

"Having examined article 1533 of the Law of Civil Procedure, and sections 2, 3, 4, 5 and 8 of the injunction law, it is ordered and enjoined that, until the determination of these proceedings in intervention, neither Justa García, widow of Rivera, nor José L. Vilaseca, nor Gavino Mercado, the judicial administrator appointed in the executory action instituted by the one against the other, nor their agents or attorneys, cut, sell or carry away any wood, break down the wire fence or maintain it in a broken condition, or commit any similar act, on the land described in the second finding of fact of this writ of injunction, such as pasturing animals thereon. The bond given is ordered to be ratified and is declared to be in force until further

mandó y firmó el Juez Instructor en ejercicio de la facultad conferida por el Artículo 2 de la Ley de *Injunction;* certifico.—Frank H. Richmond. Luis Méndez Vaz.''

*Resultando* : que el Letrado Don Juan R. Ramos, á nombre de Don José L. Vilaseca y del administrador Don Gavino Mercado, solicitó por las razones que alegó en su escrito de 29 de Agosto del año anterior, que esa resolución se revisase y sancionase por el Tribunal de Distrito en pleno, cuya solicitud fué impugnada por el Letrado de Don Juan Ignacio Caloca á quien se le dió traslado.

*Rehultando* : que el Tribunal de Distrito en pleno dictó el auto que copiado literalmente dice así:

''San Juan de Puerto Rico Octubre primero de mil novecientos tres.

*Resultando* : que el abogado Don Juan R. Ramos, á nombre de Don José L. Vilaseca y de Don Gavino Mercado, ejecutante el primero y depositario el segundo de la finca embargada á la ejecutada Doña Justa García, solicitó en escrito presentado en treinta y uno de Agosto reforma del auto del Juez Asociado de este Tribunal Mr. Frank H. Richmond, de Agosto veinte, que decretó un interdicto prohibitorio *injunction* contra Doña Justa García, Don Gavino Mercado y Don José L. Vilaseca, para que se abstuvieran hasta la resolución de la tercería de dominio de parte del terreno embargado, promovido por Don Juan Ignacio Caloca y Cueto, de cortar leña en dicho terreno objeto de la tercería; romper la cerca del mismo, pastar animales en ella ó realizar actos análogos, fundando su petición en que los interdictos prohibitorios no se dan á favor del demandado; en que tampoco se dan contra resoluciones judiciales, por tanto no puede prohibirse á Mercado que ejercite las facultades de depositario-administrador de la finca embargada que le confirió el Tribunal; en que se confunde en dicho auto el procedimiento de apremio con los actos de administración del depositario-administrador, en que no ha probado que la extracción de leñas, y rotura de una cerca de alambre se hayan verificado precisamene en la parte de la finca á que se contrae la tercería, en que el auto del interdicto viola los derechos dominicales de la ejecutada Doña Justa García; en que ésta puede vender la finca, no

order of the court. And it is so ordered and signed by the judge making this order, in the exercise of the power granted by section 2 of the injunction law. I certify: Frank H. Richmond.—Luis Méndez Vaz.''

Attorney Juan R. Ramos, on behalf of José L. Vilaseca and of the administrator, Gavino Mercado, requested, on the grounds set forth in his petition of the 29th of August of the previous year, that said decision be revised and sanctioned by the district court *in banc,* which motion was opposed by the attorney of Juan Ignacio Caloca, to whom the same was referred.

The district court *in banc* made an order reading as follows:

"San Juan, Porto Rico, October 1, 1903. Attorney Juan R. Ramos, on behalf of José L. Vilaseca and Gavino Mercado, the former being the execution creditor and the latter the judicial administrator of the estate upon which an attachment was levied against the execution debtor, Justa Garcia, made application, in a motion presented on the 31st of August, for the revision·of the order made on August 20 by the associate judge of this court, Frank H. Richmond, issuing an injunction against Justa García, Gavino Mercado and José L. Vilaseca, which directed them to refrain, until the determination of the intervention proceedings based on ownership of part of the attached land, instituted by Juan Ignacio Caloca y Cueto, from cutting wood on said land involved in the intervention proceedings, from breaking down the fence, pasturing animals, or committing similar acts thereon, basing his petition upon the ground that injunctions are not granted in favor of the defendant; that they are likewise not granted against judicial decisions, and that therefore Mercado cannot be prohibited from exercising the powers of judicial administrator of the attached property conferred upon him by the court; that in said order compulsory proceedings are confounded with acts of administration of the judicial administrator; that it has not been shown that the removal of wood and the breaking of the wire fence took place on that part of the estate involved in the intervention proceedings; that the writ of injunction violates the property rights of the execution debtor, Justa García; that the latter may sell the estate and

obligando el *injunction* el comprador; en que versando la tercería sobre una parte de la finca, se ha suspendido el procedimiento de apremio en cuanto á toda la finca, y en que la tercería se ha fundado en un título no inscrito.

*Resultando*: que conferido traslado del recurso de reforma al tercerista peticionario del *injunction,* lo evacuó sosteniendo la procedencia del auto recurrido.

*Resultando*: que el demandado en el acto de la vista de este *injunction* manifestó su conformidad con los hechos alegados por el tercerista en su petición, en la cual se alude al corte de leñas y rotura de la cerca de alambre, no en la totalidad de la finca embargada por Vilaseca á la García sino en la parte cuya propiedad invoca Caloca.

*Resultando*: que por inhibición del Juez suplente Sr. Acuña, el Tribunal no pudo constituirse con tres jueces hasta el día veinte y ocho del corriente en que el Juez Sr. García Veve formó Sala.

*Considerando*: que las razones aducidas por el recurrente respecto á la suspensión del procedimiento de apremio y defectos de título, aparte de no tener oportunidad como fundamento de un recurso de reforma, no son de tenerse en cuenta, por referirse la prohibición del artículo 389 de la Ley Hipotecaria, de no admisión por los Tribunales de títulos no inscritos en perjuicio de tercero á los que realmente tengan este carácter á los efectos de dicha ley, esto es, á los que puedan invocar á su favor un derecho real inscrito, y nó á los que solamente pueden ostentar un derecho puramente personal; y por deber suspenderse el procedimiento de apremio, interpuesta y admitida que sea una tercería de dominio del todo ó parte de la finca embargada.

*Considerando*: que las resoluciones dictadas en el juicio ejecutivo de que es incidencia la tercería, parten del supuesto de que la propiedad de los bienes embargados pertenece á la ejecutada Señora García, por lo que las resoluciones allí dictadas no pueden invocarse para impedir que se aseguren los derechos invocados por el tercerista, que se fundan en el supuesto diametralmente opuesto de ser de su propiedad una parte de los bienes embargados.

*Considerando*: que mientras la oposición entre los derechos invocados por el ejecutante y ejecutada de una parte, y el tercerista de

the purchaser is not bound by the injunction; that as the proceedings in intervention involve a part of the estate, the compulsory proceedings are suspended as to the whole estate; and that the proceedings in intervention are founded upon an unrecorded title.

"The motion for revision having been referred to the plaintiff in intervention, the petitioner for the injunction, he made report thereon maintaining that the order in question was properly made.

"The defendant, at the hearing upon this injunction, signified his acceptance of the facts alleged by the plaintiff in intervention in his petition, in which reference is made to the cutting of wood and the breaking down of the wire fence, not on the whole of the estate upon which Vilaseca levied an attachment against Mrs. García, but upon the part thereof to which Caloca claims ownership.

"Owing to the disqualification of Substitute Judge Acuña, the court could not be convened with three judges until the 28th of the present month, when Judge García Veve took part in the hearing of the case.

"The reasons adduced by the moving party with respect to the suspension of the compulsory proceedings and defects of title, apart from their impropriety as the basis of a motion for revision, cannot be taken into consideration because the prohibition contained in article 389 of the Mortgage Law, concerning the non-admission by the courts of unrecorded titles to the prejudice of third persons, refers to those who really possess that character for the purposes of said law, that is, to those who may invoke a recorded property right in their favor, and not to those who can only show a purely personal right; and for the further reason that the compulsory proceedings should be suspended when a complaint in intervention based on the ownership of the whole or a part of the attached estate is interposed and admitted.

"The decisions rendered in the executory action of which the intervention proceedings are an incident are based upon the supposition that the ownership of the attached property resides in the execution debtor, Mrs. García, for which reason the decisions rendered therein cannot be invoked so as to prevent the rights claimed by the plaintiff in intervention from being secured, the same being based upon the diametrically opposite supposition that he is the owner of a part of the attached property.

"Until the court, after having heard the evidence and the allegations of the parties upon the merits of the question, has decided

otra, se resuelva por el Tribunal, oidas las pruebas y alegaciones de las partes, en cuanto al fondo de la cuestión, es perfectamente lógico y legal que se pongan á salvo los derechos que pueda tener el tercerista impidiendo que se menoscabe el derecho de propiedad por él invocado, toda vez que para responder del detrimento que pudieran sufrir los intereses de las otras partes tiene prestada una fianza suficiente.

*Considerando*: que el tercerista es un demandante y el juicio de tercería una acción pendiente, durante cuyo curso puede decretarse un *injunction* para evitar que por cualquira persona se realicen actos en menoscabo del derecho del actor.

*Considerando*: que es improcedente la alegación de no haberse probado el corte de leña y rotura de la cera en la porción de terreno objeto de la tercería, por lo consignado en el Resultando 3°.

*Vista* la ley autorizando *injunction;* No há lugar á reformar el auto recurrido con las costas al recurrente. Lo proveyó, mandó y firma el Tribunal: certifico: Frank H. Richmond.—José Tous Soto. Angel García. Ante mí. Luis Méndez Vaz.'

*Resultando*: que el referido Letrado Don Juan R. Ramos, en representación de Don José L. Vilaseca, apeló de los anteriores provistos y admitido el recurso, previa citación y emplazamiento, se elevaron los autos á esta Superioridad en donde se personó aquél en la representación con que apeló, el Lcdo. Texidor á nombre de Don Juan Ignacio Caloca y el abogado Don José C. Ramos á nombre de Doña Justa García, quienes evacuaron el trámite de instrucción que se les confirió é informaron en el día de la vista alegando cada uno las razones que creyó convenientes á su derecho, manifestando el Letrado Don Juan R. Ramos, en la representación que ostenta, que si se confirmaba el *injunction,* se aumentase la fianza prestada por la parte contraria, solicitud que concuerda con la manifestación ''de ser aquella pequeña'' hecha por él en la comparecencia verbal que tuvo lugar el 17 de Agosto del año anterior, y que consta al folio 16 y siguientes de los autos.

the conflict between the rights claimed by the execution creditor and debtor on the one hand, and the plaintiff in intervention on the other, it is perfectly logical and legal to protect such rights as the plaintiff in intervention may possess, by preventing the property right claimed by him from being impaired, inasmuch as he has furnished a sufficient bond to answer for any damage which may be suffered by the interests of the other parties.

"The plaintiff in intervention is a plaintiff and the proceedings in intervention are a pending action, during the course of which an injunction may be issued to prevent any person from committing acts to the detriment of the rights of the plaintiff.

"The allegation with regard to the failure to prove the cutting of wood and the breaking down of the fence, on the parcel of land involved in the intervention proceedings, cannot be sustained for the reasons set forth in the third finding of fact.

"Having examined the law authorizing injunctions, the motion to revise the order in question is denied, with costs against the moving party. So ordered, directed and signed by the court. I certify: Frank H. Richmond, José Tous Soto, Angel García. Before me, Luis Méndez Vaz."

The said attorney Juan R. Ramos, as counsel for José L. Vilaseca, appealed from the foregoing orders, and the appeal having been allowed, after a citation of the parties, the record was sent up to this court, where the former appeared in the capacity in which he appealed, Attorney Texidor appeared on behalf of Juan Ignacio Caloca, and Attorney José C. Ramos on behalf of Justa García, who fulfilled the requirement of examination of the record and presented oral arguments on the day of the hearing, when each of the parties pleaded such facts as he deemed conducive to his rights, Attorney Juan R. Ramos declaring, in the capacity in which he appeared, that if the injunction should be sustained the bond furnished by the adverse party should be increased, which motion agrees with the statement "that the same was small," made by him at the verbal appearance made on the 17th of August of the previous year, and which is found at folio 16 *et seq.* of the record.

Abogado del apelante: *Sr. Ramos (Juan R.)*

Abogados de los apelados: *Sres. Texidor* y *Ramos (José C.)*

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho del auto de 1°. de Octubre del año anterior y sustancialmente los de hecho y el primero, tercero y cuarto de los de derecho del auto concordante de 20 de Agosto del citado año, y.

*Considerando*: que siendo el *injunction* ó interdicto prohibitorio un remedio para evitar que se haga derterminada cosa que infrinja ó perjudique el derecho de una persona, es indudable que es procedente el interpuesto, que. tiene á su favor la brevedad en el procedimiento por el carácter sumarisimo que le es peculiar.

*Considerando*: que si no puede desconocerse su procedencia en el presente caso, debe tenerse también en cuenta que tanto Doña Justa García como Don Juan Ignacio Caloca discuten judicialmente, por medio de una tercería, la propiedad de parte de la finca embargada, y ésto hace pensar en la posibilidad de que se declare el derecho en favor de la primera, y entonces puede ser insuficiente la fianza de cien pesos para indemnizar los perjuicios que con la prohibición se le haya causado, cuyo peligro prevee la Ley de *Injunction* en su sección 12a y es el Tribunal ante el que se presente la pretensión y probanza quien puede apreciar si existe daño futuro y la cuantía en que debe prevenirse.

*Considerando* lo dispuesto en la regla 63 de la Orden General No. 118, serie de 1899.

*Se confirman* los autos apelados y por consiguiente se declara con lugar el *injunction* que estableció Don Juan Ignacio Caloca y se reserva á Doña Justa García, Vda. de Rivera, el derecho que le otorga la seccion 12ª. de la Ley de *Injunction;* sin especial condena de costas.

*Mr. Ramos (Juan R.),* for appellant.

*Messrs. Texidor* and *Ramos (José C.),* for respondents.

MR. JUSTICE FIGUERAS, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact and conclusions of law of the order of October 1, of the previous year, and substantially those of fact, and the first, third and fourth conclusions of law of the concordant order of the 20th of August of said year, are accepted.

Injunction being a remedy to prevent the doing of a certain thing which infringes upon or prejudices the rights of a person, it is undeniable that the one obtained in the present case, which, owing to the summary character which is peculiar to it, has in its favor brevity in the proceedings, will lie.

Although the propriety of the writ in the present case cannot be ignored, the fact should also be taken into consideration that both Justa García and Juan Ignacio Caloca are litigating, by means of proceedings in intervention, the ownership of a part of the attached estate, and this gives rise to the idea that right may be declared in favor of the former, and then the bond of one hundred dollars may be insufficient to make indemnity for the damages caused by the prohibition, which danger is foreseen by section 12 of the injunction law, and the court before which the claim is made and the evidence submitted is the one to determine whether there will be future damage and the amount which should be provided against.

Having examined the provisions of rule 63 of General Order No. 118, series of 1899, the orders appealed from are affirmed, and it is held that the writ of injunction applied for by Juan Ignacio Caloca was properly issued, and the right reserved by section 12 of the injunction law is reserved to Justa García, widow of Rivera, without special imposition of costs.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y MacLeary.

Juez Disidente: Sr. Sulzbacher.

---

*Opinión disidente del Juez Asociado Sr. Sulzbacher.*

No puedo estar de acuerdo con la mayoría del Tribunal, por que la ley concede al demandante un recurso ordinario. Además de esto, aunque en su solicitud alega que los daños son irreparables, no dice en que sentido lo serán. La Corte de Distrito exigió una fianza de cien dollars, y la moción que el demandado hizo para que se aumentara dicha fianza no fué concedida; de aquí se deduce que la Corte de Distrito estimaba que todos los perjuicios que pudieran resultar al demandante ascenderían á esa suma; y las alegaciones no dicen absolutamente nada con respecto á la insolvencia del demandado.

Chief Justice Quiñones and Justices Hernández and Mac-Leary concurred.

Mr. Justice Sulzbacher dissented.

---

*Dissenting Opinion of Mr. Justice Sulzbacher.*

I am unable to concur with the majority of the court, because the plaintiff has an adequate remedy at law. In addition to this, although in his petition he alleges irreparable damage, he does not state how it would be so. The district court required a bond of one hundred dollars, and the defendant's motion to increase the bond was not granted, hence the court was satisfied that all damage which could result to the plaintiff would be that sum, and the pleadings are absolutely silent as to the defendant's insolvency.